# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
06/23/2021
CT Log Number 539786771

TO:     Kim Lundy- Email
        Walmart Inc.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in California**

FOR:    WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gonzales Delia, etc., Pltf. vs. Walmart, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Certificate(s), Complaint, Attachment(s), Notice |
| **COURT/AGENCY:** | San Bernardino County Superior Court, CA Case # CIVSB2111486 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 10/21/2020 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/23/2021 at 15:29 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ranojoy Guha The Guha Law Firm 1100 Town and Country Road, Suite 1250 Orange, CA 92868 310-564-6041 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/23/2021, Expected Purge Date: 06/28/2021 Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 330 N BRAND BLVD STE 700 GLENDALE, CA 91203 877-564-7529 MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, Jun 23, 2021

**Server Name:**              PAUL GARCIA


Entity Served                 WALMART INC.

Case Number                   CIV SB 2111486

Jurisdiction                  CA



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALMART, INC., a Delaware Corporation; and Does 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DELIA GONZALES, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 1 1 2021

*Gloria M Portillo*

Gloria Portillo

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino District - Civil Division

247 West Third Street
San Bernardino, CA 92415-0210

CASE NUMBER:
*(Número del Caso):* **CIV SB  2 1 1 1 4 8 6**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ranojoy Guha. 1100 Town and Country Road, Suite 1250 Orange, CA 92868. (310) 564-6041

DATE: April 28, 2021          MAY 1 1 2021          Clerk, by    *Gloria M Portillo*    , Deputy
*(Fecha)*                                            *(Secretario)*                            *(Adjunto)*

Gloria Portillo

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walmart, Inc., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]



Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ranojoy Guha (SBN 315968)<br>1100 Town and Country Road, Suite 1250<br>Orange, CA 92868<br><br>TELEPHONE NO.: (310) 564-6041  FAX NO.:<br>ATTORNEY FOR (Name): DELIA GONZALES | FOR COURT USE ONLY<br><br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>APR 28 2021<br><br>BY _Gloria M Portillo_<br>GLORIA M. PORTILLO, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District - Civil Division

CASE NAME:
DELIA GONZALES v. WALMART, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIVSB 2 1 1 1 4 8 6 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 6
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 28, 2021
Ranojoy Guha

_____ ▶ _____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
BY FAX

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

DELIA GONZALES

Case No.: __CIV SB  2 1 1 1 4 8 6__

vs.

**CERTIFICATE OF ASSIGNMENT**

WALMART, INC.

---

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General  ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | Wrongful Termination, Retaliation, Failure to provide meal and rest breaks |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Walmart Store _____ 6750 Kimball Avenue
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR                ADDRESS

Chino _____ CA _____ 91708
CITY                              STATE           ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on April 28, 2021 _____ at Orange, CA _____, California.

Digitally signed by Ranopoy Aquoo;Replyaot; Guha
Date: 2021.04.28 08:42:47 -07'00'

_Signature of Attorney/Party_

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

BY FAX

Ranojoy Guha
**THE GUHA LAW FIRM**
raj@guhalaw.com
1100 Town and Country Road,
Suite 1250
Orange, CA 92868
(310) 564-6041

Attorney for Plaintiff,
DELIA GONZALES

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 28 2021

BY *Gloria M Portillo*
GLORIA M. PORTILLO, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN BERNARDINO

### [CIVIL UNLIMITED]

| | |
|---|---|
| DELIA GONZALES, an individual<br><br>        Plaintiff,<br><br>vs.<br><br>WALMART, INC., a Delaware<br>Corporation; and Does 1-25,<br><br>        Defendant. | Case No.: **CIV SB   2 1 1 1 4 8 6**<br><br>COMPLAINT FOR:<br><br>1. **Whistleblower Retaliation (Cal. Lab. Code § 1102.5)**<br>2. **Retaliation Against Employee for Exercise of Rights under the Labor Code (Lab. Code § 98.6)**<br>3. **Failure to Provide Meal and Rest Breaks (Labor Code §§ 226.7, 510, and 512; IWC Wage Order No. 7);**<br>4. **Wrongful Termination in Violation of Public Policy**<br>5. **Unlawful Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.)**<br>6. **Intentional Infliction of Emotional Distress**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff DELIA GONZALES, an individual, alleges as follows:

COMPLAINT OF DELIA GONZALES AND DEMAND FOR JURY TRIAL.

BY FAX

**RECEIVED**

APR 2 8 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

2. Venue is proper in this Court because all or some of the violations of law and unlawful practices alleged herein occurred in the County of San Bernardino.

**PARTIES**

3. Plaintiff DELIA GONZALES (hereinafter, "Plaintiff" or "Ms. GONZALES") is, and at all times relevant to this Complaint was, an individual with a place of residence in the City of Ontario, County of San Bernardino. Plaintiff claims arise out of her continual employment with Defendant(s) from August 2016 until October 2020.

4. Defendant WALMART, Inc., a Delaware corporation ("WALMART") is, and at all times relevant to this Complaint was, a global retailer of consumer goods employing numerous California employees working throughout California.

5. The true names and capacities of Defendants DOES 1 through 25, inclusive, are unknown to Plaintiff. Therefore, Plaintiff sues those Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff further alleges that each fictitious Defendant is in some manner responsible for the acts and occurrences alleged herein. If necessary, Plaintiff will seek leave of Court to amend this Complaint to state the real names and capacities of these fictitiously named Defendants when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that the fictitiously named Defendants proximately caused Plaintiff's harm.

6. Plaintiff is informed and believes, and thereupon alleges, that at all times relevant to this Complaint, each Defendant was the agent, servant, manager, representative, officer, director, partner, or employee of WALMART, and, in doing the things herein alleged, was at all times relevant hereto acting

Apr 28, 2021 19:43 (UTC)    From: +13108818539 (Ranojoy Guha)                    To: +19097088586         10 of 21

1    within the course and scope of such agency, management, officership,

2    directorship, service, employment, partnership, and/or enterprise, with the

3    permission, consent, authorization, approval, and/or ratification of each

4    other Defendant.

5    7.   Plaintiff is informed and believes, and thereupon alleges, that at all times

6        relevant to this Complaint, each Defendant, in proximate connection with all

7        others, was an agent, joint venture, integrated enterprise and/or alter ego of

8        each other Defendant, that each co-conspired in the acts and the wrongful

9        conduct herein alleged, and that, accordingly, each Defendant is liable to

10       Plaintiff under legal theories and doctrines including, *inter alia*, joint

11       employer, integrated enterprise, agency, and/or alter ego.

12                  **FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

13   8.   At all times relevant to this complaint, Plaintiff was employed by Defendant,

14       which is an "industry, business, or establishment operated for the purpose

15       of purchasing, selling, or distributing goods or commodities at wholesale or

16       retail" within the definition of the applicable Wage Order of the Industrial

17       Welfare Commission ("IWC"), Wage Order 7-2001, codified at Title 8,

18       California Code of Regulations, section 11070. Plaintiff did not direct or

19       control the work of any other employee or otherwise qualify for any

20       exemption from the standards, terms, and conditions set forth in Wage

21       Order 7-2001 or any other applicable provisions regarding exempt

22       employee status.

23   9.   Plaintiff was hired by Defendant on or about August 15, 2016 as a full-time

24       sales associate working on the retail floor. In 2018, Ms. GONZALES applied

25       for and was transferred to a back-office position as an Asset Protection

26       Specialist. Plaintiff was paid an hourly wage throughout her employment

27       with Defendant.

28   10.  Plaintiff was never issued a written performance review by Defendant.

| | |
|---|---|
| 1 | However, Plaintiff consistently received positive feedback on her |
| 2 | performance from her supervisors in each and every role in which she |
| 3 | worked for Defendant. Plaintiff also received several wage increases during |
| 4 | her approximately four of employment with Defendant. At the point of |
| 5 | termination, Plaintiff was earning a regular hourly wage of $20.25. |
| 6 | 11.   During her four years of continuous employment with Defendant prior to |
| 7 | her October 2020 termination, Plaintiff received only one disciplinary |
| 8 | warning while she was a trainee. In the relevant incident, she and a fellow |
| 9 | team member were held jointly responsible and were issued analogous |
| 10 | warnings for an error that, based on information and belief, had been made |
| 11 | by the fellow team member alone while she was busy with a separate work |
| 12 | duty. |
| 13 | 12.   As an Asset Protection Specialist, Plaintiff regularly worked forty-eight or |
| 14 | more hours each workweek. |
| 15 | 13.   As a retail sales associate, Plaintiff generally received meal and rest breaks |
| 16 | each shift. After she became an Asset Protection Specialist, however, |
| 17 | Defendant systematically denied her right to receive meal and rest breaks by |
| 18 | assigning her excessive work duties and explicitly pressuring her to work |
| 19 | through her meal and rest breaks. Heavy workloads and Defendant's failure |
| 20 | to adequately staff its Asset Protection department forced Ms. GONZALES to |
| 21 | miss her rest breaks at least four days a week. |
| 22 | 14.   Ms. GONZALES and other Asset Protection employees were regularly |
| 23 | pressured by their supervisors to work through their meal periods. In |
| 24 | addition, although Ms. GONZALES often worked twelve-hour workdays, she |
| 25 | was regularly forced to work through her first mandatory meal period and |
| 26 | never received a second mandatory meal period. Defendant also failed to |
| 27 | pay premiums to Ms. GONZALES for missed meal and rest breaks. |
| 28 | 15.   Despite being pressured by Defendant and systematically being denied the |

1    right to take meal and rest breaks or receive premium payments therefore,
2    Ms. GONZALES always put forth her best efforts throughout her employment
3    with Defendant to complete all work duties to her supervisors' satisfaction.

4    16.    On or about October 6, 2020, Plaintiff's Asset Protection department was
5           once again severely understaffed. Plaintiff is informed and believes, and
6           thereupon alleges, that at least two regular full-time Asset Protection
7           employees were on sick leave that day due to COVID-19. When Ms.
8           GONZALES advised her supervisor Alexander Arslin that she intended to
9           take her lunch break, Mr. Arslin instructed Ms. GONZALES to clock out for
10          lunch but then forced her to keep working. As usual, Ms. GONZALES
11          complied without complaint.

12   17.    On or about October 15, 2020 Ms. GONZALES was called into her manager's
13          office for a meeting (the "Disciplinary Meeting").

14   18.    During the Disciplinary Meeting, Manager Anthony Avila and Operations
15          Manager Tony Crutchfield explained to Ms. GONZALES that she had been
16          witnessed working through her lunch despite clocking out. Ms. GONZALES
17          immediately explained that Mr. Arslin had forced her to continue working
18          after he himself had instructed her to clock out.

19   19.    Mr. Crutchfield and Mr. Avila completely ignored Ms. GONZALES'
20          explanation and rejected her recounting of Mr. Arslin's instructions. Instead,
21          Mr. Crutchfield and Mr. Avila explicitly accused Ms. GONZALES of
22          committing "fraud" because she had obeyed Mr. Arslin by working through
23          her meal period after clocking out.

24   20.    On or about October 21, 2020, just one week after the Disciplinary Meeting,
25          Plaintiff was informed by Defendant that her employment was being
26          terminated due to her purported "fraud."

27   Whereupon, Plaintiff prays for relief, as set forth below.

28                              **FIRST CAUSE OF ACTION**
29                             **Whistleblower Retaliation**

**(Cal. Lab. Code § 1102.5)**

21. Plaintiff hereby repeats, realleges, and incorporates all allegations from all paragraphs before and after this one, as though set forth in full herein.

22. Plaintiff was, at all times relevant herein, an employee covered by California Labor Code section 1102.5(b), which prohibits "retaliate[ion] against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

23. Defendant(s), and each of them, were, at all times relevant herein, employers and/or person(s) "acting on behalf of the employer" within the meaning of Labor Code section 1102.5(b), and, as such, were each required to refrain from all forms of retaliation against Plaintiff because of her actual or potential disclosure of information regarding conduct that Plaintiff had reasonable cause to believe violated or failed to comply with a state or federal statute or a local, state, or federal rule or regulation.

24. By engaging in the aforementioned course of conduct based on Plaintiff's disability, Defendant(s), and each of them, have retaliated against Plaintiff in violation of Labor Code section 1102.5(b).

25. As a direct and proximate result of unlawful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer damages and

1   economic losses that were foreseeable by Defendants at the time of the

2   unlawful conduct. These damages include, but are not limited to, loss of

3   earnings to the date of trial; future lost earnings to the date of retirement;

4   the loss of fringe employment benefits; and other foreseeable out-of-pocket

5   expenses incurred to seek substitute employment, all subject and according

6   to proof at trial, in an amount within the jurisdiction of this Court.

7   26.   As a further, direct, proximate, and foreseeable result of the aforementioned

8   unlawful conduct of Defendants, and each of them, Plaintiff was hurt and

9   injured in her body and suffered emotional distress, shame, despair,

10   humiliation, embarrassment, and loss of reputation, all to her damage in an

11   amount within the jurisdiction of this Court, and according to proof at trial.

12   27.   Defendants, and each of them, committed the acts alleged herein

13   maliciously, fraudulently and oppressively, with the wrongful intention of

14   injuring Plaintiff from an improper motive, and in an intentional, deliberate,

15   cold, callous, malicious and cavalier manner, in conscious disregard of

16   Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages

17   from Defendants in an amount within the jurisdiction of this Court, the exact

18   amount to be proven at the time of trial.

19   28.   In addition to any and all other applicable penalties, Defendants, and each of

20   them, are liable to pay Plaintiff a civil penalty under Labor Code Section

21   1102.5(f) not exceeding ten thousand dollars ($10,000) for each violation of

22   this section.

23   29.   As a result of Defendants' conduct, as alleged herein, Plaintiff is entitled to

24   reasonable attorney's fees and costs of suit pursuant to Labor Code Section

25   1102.5(j).

26   Whereupon, Plaintiff prays for relief, as set forth below.

27                                         **SECOND CAUSE OF ACTION**
28   **Retaliation for Exercise of Rights Afforded to the Employee**
29                                         **(Labor Code §§ 98.6(a))**

Apr 28, 2021 19:43 (UTC)     From: +13108818539 (Ranojoy Guha)                    To: +19097088586          📱 15 of 21

1.     Plaintiff hereby repeats, realleges, and incorporates all allegations from all paragraphs before and after this one, as though set forth in full herein.

2.     Plaintiff is, and at all times relevant herein was, an employee protected by California Labor Code section 98.6(a), which prohibits retaliation against an employee because she has exercised rights under the Labor Code.

3.     Defendant(s), and each of them, are, and at all times relevant herein, were, employers within the meaning of California Labor Code section 98.6(a) and, as such, were barred from retaliating against an employee for her exercise of rights under the Labor Code.

4.     Defendant(s), and each of them, have violated California Labor Code section 98.6(a) by, *inter alia*, engaging in the aforementioned course of conduct in retaliation against Plaintiff for her exercise of rights under the Labor Code.

5.     Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, have engaged in unlawful retaliatory actions in addition to the ones described above, which violate California Labor Code section 98.6(a), but which are not fully known to Plaintiff at this time. Plaintiff will seek this Court's leave to amend this Complaint in order to properly assert the appropriate allegations of retaliation when said conduct becomes known to Plaintiff.

6.     As a direct and proximate result of the aforementioned unlawful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer damages and economic losses that were foreseeable by Defendants at the time of the unlawful conduct. These damages include, but are not limited to, loss of earnings to the date of trial; future lost earnings to the date of retirement; the loss of fringe employment benefits; and other foreseeable out-of-pocket expenses incurred to seek substitute employment, all subject and according to proof at trial, in an amount within the jurisdiction of this Court.

Apr 28, 2021 19:43 (UTC)     From: +13108818539 (Ranojoy Guha)                    To: +19097088586          16 of 21

7.  As a further, direct, proximate, and foreseeable result of the aforementioned
    unlawful conduct of Defendants, and each of them, Plaintiff was hurt and
    injured in her body and suffered emotional distress, shame, despair,
    humiliation, embarrassment, and loss of reputation, all to her damage in an
    amount within the jurisdiction of this Court, and according to proof at trial.

8.  Defendants, and each of them, committed the acts alleged herein
    maliciously, fraudulently, and oppressively, with the wrongful intention of
    injuring Plaintiff from an improper motive, and in an intentional, deliberate,
    cold, callous, malicious, and cavalier manner, in conscious disregard of
    Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages
    from Defendants in an amount within the jurisdiction of this Court, the exact
    amount to be proven at the time of trial.

Whereupon, Plaintiff prays for relief, as set forth below.

### THIRD CAUSE OF ACTION
### Failure to Provide Meal and Rest Breaks
### (Labor Code §§ 226.7, 510, and 512; IWC Wage Order No. 7-2001)

30. Plaintiff hereby repeats, realleges, and incorporates all allegations from all
    paragraphs before and after this one, as though set forth in full herein.

31. On each workday that Plaintiff worked more than five hours, Defendant(s)
    and each of them, were required to provide Plaintiff with at least one meal
    period completely free from all duties in compliance with Labor Code
    sections 226.7 and 512, Wage Order 7-2001, and other applicable laws and
    regulations or, alternatively, an hour or premium pay at Plaintiff's regular
    wage rate. On each workday that Plaintiff worked more than ten hours,
    Defendant(s) and each of them, were required to provide Plaintiff with a
    second meal period completely free from all duties. Plaintiff did not qualify
    for any exemption from these requirements.

32. On each day that Plaintiff worked at least three and one-half (3.5) hours,
    Defendant(s) and each of them, were required to provide Plaintiff with at

1    least one rest period completely free from all duties in compliance with

2    Labor Code sections 226.7, Wage Order 7-2001, and all other applicable

3    laws and regulations or, alternatively, an hour or premium pay at Plaintiff's

4    regular wage rate. On each day that Plaintiff worked at least six (6) hours,

5    Defendant(s) and each of them, were required to provide Plaintiff with a

6    second rest period completely free from all duties. On each day that Plaintiff

7    worked at least ten (10) hours, Defendant(s) and each of them, were

8    required to provide Plaintiff with a third rest period completely free from all

9    duties. Plaintiff did not qualify for any exemption from these requirements.

10   33.   Defendant(s) and each of them systematically pressured Plaintiff and other

11         employees in her department to continue to work and forego their meal and

12         rest periods. By engaging in, *inter alia*, the aforementioned actions and

13         practices, Defendant(s) and each of them, systematically deprived Plaintiff of

14         her right to meal and rest periods free from all work duties. Defendant(s)

15         also failed, alternatively, to pay an hour of premium pay for each day that

16         Defendant(s) failed to provide Plaintiff with one or more meal period(s) free

17         from all work duties plus an hour of premium pay for each day that

18         Defendant(s) failed to provide Plaintiff with one or more rest period(s) free

19         from all work duties.

20         Whereupon, Plaintiff prays for relief, as set forth below.

21                          **FOURTH CAUSE OF ACTION**
22                **Wrongful Termination in Violation of Public Policy**

23   9.    Plaintiff hereby repeats, realleges, and incorporates all allegations from all

24         paragraphs before and after this one, as though set forth in full herein.

25   10.   The aforementioned conduct of Defendants, and each of them, constitutes

26         contravention of the public policy expressed in, *inter alia*, the California

27         Labor Code.

28   11.   The aforementioned conduct of Defendants, and each of them, constitutes

29         wrongful termination in violation of public policy. As a direct and proximate

1    result of the aforementioned unlawful conduct of Defendants, and each of

2    them, Plaintiff has suffered and continues to suffer damages and economic

3    losses that were foreseeable by Defendants at the time of the unlawful

4    conduct. These damages include, but are not limited to, loss of earnings to

5    the date of trial; future lost earnings to the date of retirement; the loss of

6    fringe employment benefits; and other foreseeable out-of-pocket expenses

7    incurred to seek substitute employment, all subject and according to proof

8    at trial, in an amount within the jurisdiction of this Court.

9    12.    As a further, direct, proximate and foreseeable result of the aforementioned

10    unlawful conduct of Defendants, and each of them, Plaintiff was hurt and

11    injured in her body and suffered emotional distress, shame, despair,

12    humiliation, embarrassment and loss of reputation, all to her damage in an

13    amount within the jurisdiction of this Court, and all subject and according to

14    proof at trial.

15    13.    Defendants, and each of them, committed the acts alleged herein

16    maliciously, fraudulently and oppressively, with the wrongful intention of

17    injuring Plaintiff from an improper motive, and in an intentional, deliberate,

18    cold, callous, malicious and cavalier manner, in conscious disregard of

19    Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages

20    from Defendants in an amount within the jurisdiction of this Court, the exact

21    amount to be proven at the time of trial.

22    Whereupon, Plaintiff prays for relief, as set forth below.

23    **FIFTH CAUSE OF ACTION**
24    **Unlawful Business Practices**
25    **(Violation of Cal. Business & Prof. Code § 17200 *et seq.*)**

26    34.    Plaintiff hereby repeats, realleges, and incorporates all allegations from all

27    paragraphs before and after this one, as though set forth in full herein.

28    35.    A violation of the UCL may be predicated on the violation of any state or

29    federal law. By engaging in the aforementioned conduct, Defendants

1  violated, *inter alia*, the Labor Code, by failing to provide Plaintiff with meal

2  and rest breaks or premium payments for meal and/or rest breaks that

3  were not provided and by retaliating against and wrongfully terminating

4  Plaintiff after she reported Defendant's systematically unlawful practices

5  designed to pressure and discourage her and other employees from

6  asserting their right to take statutorily mandatory meal and rest periods. As

7  such, the aforementioned conduct contravenes the public policy expressed

8  in the Labor Code, which requires employers to provide all employees with

9  meal and rest periods free from all work duties and to refrain from any

10  retaliation against any employee who reports her employer's failure to

11  provide meal and/or rest periods "to a person with authority over the

12  employee or another employee who has the authority to investigate,

13  discovery, or correct the violation or noncompliance[.]" Defendant, in

14  committing the acts alleged herein, violated the UCL by engaging in

15  unlawful, unfair, and fraudulent business acts and practices. Defendant's

16  acts constituted dishonest, deceptive, oppressive, unfair, and destructive

17  conduct.

18  36.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiff

19  has been injured and suffered damages, including, but not limited to, the loss

20  of wages, money, and/or property, in an amount to be established by proof

21  at trial. Defendant, by design and plan, has gained an unfair competitive

22  edge in the marketplace, and Plaintiff is therefore entitled to restitution and

23  permanent injunctive relief as necessary to remedy Defendants' unlawful,

24  unfair or fraudulent business practices.

25  37.  Accordingly, Plaintiff seeks attorneys' fees and costs pursuant to all

26  applicable statutes, including California Code of Civil Procedure section

27  1021.5, *et seq*.

28  Whereupon, Plaintiff prays for relief, as set forth below.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

38. Plaintiff hereby repeats, realleges, and incorporates all allegations from all paragraphs before and after this one, as though set forth in full herein

39. Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of them, have engaged in outrageous and unprivileged conduct intended to cause Plaintiff harm. Alternatively, Defendants acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress as a result of their outrageous conduct, detailed above.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been injured and suffered damages, including, but not limited to, severe and substantial emotional distress, including humiliation, embarrassment, anxiety, and dignity, in an amount subject to proof at trial.

41. Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff from an improper motive, and in an intentional, deliberate, cold, callous, malicious and cavalier manner, in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount within the jurisdiction of this Court, the exact amount to be proven at the time of trial.

Whereupon, Plaintiff prays for relief, as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court enter judgment in his favor and against Defendant as follows:

1. For general, special, actual, consequential, and/or compensatory damages, in an amount to be determined at trial.

2. For all statutory damages and penalties allowed under applicable law;

3. Injunction upon Defendants, and each of them, from engaging in each of the unlawful practices set forth in this Complaint;



1  | 4.   For civil penalties pursuant to any applicable statute;

2  | 5.   For other equitable relief, including injunctive relief where available,

3  |      including, but not limited to, quantum meruit for services performed.

4  | 6.   For an award of interest, including pre-judgment and post-judgment

5  |      interest, at the maximum rates as allowed by law;

6  | 7.   For reasonable attorneys' fees and costs, pursuant to all applicable statutes;

7  |      and

8  | 8.   For such further relief as the court deems just and proper.

9

10

11

12

13

14

15

16

17

18

19

20

21  | DATED: April 28, 2021                    Respectfully submitted,

22

23

24  |                                          By

25  |                                          Ranojoy Guha
26  |                                          **The Guha Law Firm**
27  |                                          Attorney for Plaintiff
28  |                                          Delia Gonzales

29

RECEIVED

APR 28 2021

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

By

**Vasquez, Guadalupe**

| | |
|---|---|
| **From:** | FAXAGE <support@faxage.com> |
| **Sent:** | Wednesday, April 28, 2021 12:57 PM |
| **To:** | SB Civil eFax |
| **Subject:** | GONZALES -V- WALMART |
| **Attachments:** | fax1094312080.pdf |

Dear SB Civil eFax:

You have received a new 21 page fax on FAXAGE from 0000000000. A copy is attached for your reference. You may also visit https://linkprotect.cudasvc.com/url?a=http%3a%2f%2fwww.faxage.com&c=E,1,IXHPkPEsq3egfTh-MT1H5g7m3dO1qS_NoPPtC8kuclFuX19a-LIuGdVUvRWhjo26VM43s5pb6ZT-XSCSdJFO2eTfw6BD4mt_sRhHOl0BwTR-433vaEw,&typo=1 to log in and work with your faxes.

Thank you for using FAXAGE,
FAXAGE Support Team
support@faxage.com
(303)991-6020

1



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Gonzalez -v- Walmart Inc et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVSB2111486 |

The Guha Law Firm
1100 Town and Country Road
Suite 1250
Orange CA 92868

This case has been assigned to: Bryan Foster in Department S22 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 11/12/2021 at 9:00 AM in Department S22 - SBJC

Date: 5/11/2021                    Nancy CS Eberhardt, Court Executive Officer

By: _____
Gloria Portillo, Deputy Clerk

----------------------------------------------------------------
----------------------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 5/11/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 5/11/2021 at San Bernardino, CA.

By: _____
Gloria Portillo, Deputy Clerk